**William Ralph ARMSTRONG, Plaintiff-Appellant**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 15215.

United States Court of Appeals
Sixth Circuit.

July 19, 1963.

William F. Fitzgerald (Court Appointed), Cincinnati, Ohio, for appellant.

Edward N. Vaden, Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Herbert J. Miller, Jr., Asst. Atty. Gen., Dept. of Justice, Criminal Division, Washington, D. C., on the brief), for appellee.

Before CECIL, Chief Judge, and KENT and WILSON, District Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying, without a hearing, appellant's motion to vacate sentence, filed under the authority of Title 28 U.S.C. § 2255.

Appellant was convicted by a jury in the District Court under two different indictments, containing a total of ten counts, each charging a violation of the Dyer Act, Title 18 U.S.C. § 2312. He was represented by counsel of his own choosing, and after conviction sought to take an appeal to this court in forma pauperis. The application for leave to appeal in forma pauperis was denied by this court by an order entered on May 5, 1959. Certiorari was sought to the United States Supreme Court and certiorari was denied, 360 U.S. 939, 79 S.Ct. 1466, 3 L.Ed.2d 1551.

In April, 1960, the appellant filed a petition for writ of habeas corpus in the District Court which was considered by the District Judge as a motion to vacate sentence under Title 28 U.S.C. § 2255. That petition included all of the allegations contained in the present petition. From the denial of relief petitioner appealed to this court. This court affirmed the District Judge by an order entered on February 24, 1961, and denied a rehearing on March 31, 1961. The Supreme Court denied certiorari, 366 U.S. 974, 81 S.Ct. 1942, 6 L.Ed.2d 1263.

Appellant thereafter filed this proceeding under Title 28 U.S.C. § 2255, presenting to the trial court four questions. The

first three questions assert that the sentencing court and the Government obstructed his attempt to take an appeal from his conviction without stating any facts which support the assertion. Appellant now claims that he should have been accorded a hearing on his appeal in forma pauperis under the authority of Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21. The fourth question presents a claim that his counsel was incompetent, without any facts to support the claim.

Since the denial of the right to appeal in forma pauperis was affirmed by Chief Judge Martin, and Judges Allen and Miller of this court on May 5, 1959, and certiorari was denied by the United States Supreme Court, we cannot now say that the trial court was required to hold a hearing on the present petition to determine whether the Court of Appeals was correct in its conclusions. There is nothing in the present petition which is substantially different than the allegations in the prior petition, which was denied.

The judgment of the trial court is affirmed.